UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EVARISTUS MACKEY (#26836-034)                               CIVIL ACTION

VERSUS

RICHARD STALDER, ET AL.                                     NO. 05-1012-A-M2

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, January 30, 2007.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EVARISTUS MACKEY (#26836-034)**                               **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                     **NO. 05-1012-A-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter has been referred to the undersigned Magistrate Judge for compliance with the Order of the Court of Appeals, rec.doc.no. 17, directing that this Court determine whether the plaintiff/appellant timely filed his Notice of Appeal. Specifically, the Court of Appeals requires information whether the plaintiff/appellant deposited his Notice of Appeal into the prison's internal mailing system within thirty (30) days of entry of Judgment herein as mandated by Rule 4(c)(1) of the Federal Rules of Appellate Procedure.

Pursuant to the referenced appellate mandate, this Court entered an Order on November 1, 2006, directing the plaintiff/appellant to appear, in writing, within twenty (20) days of the date of the Order, and submit affidavits, documents, or other evidence necessary to show that he delivered his Notice of Appeal to prison officials on or before June 30, 2006, the last date allowable for filing of his Notice of Appeal.[1] In response to this Order, the plaintiff has submitted a document which he has termed an "affidavit", rec.doc.no. 20, but this document is neither

---

[1] Inasmuch as the plaintiff/appellant is incarcerated at a United States Penitentiary in the State of West Virginia, the Court determined that a written response would be advisable prior to requiring that the plaintiff/appellant appear in person to respond to the Court's directive.

executed before a notary public nor is it attested to by witnesses. Moreover, the document contains no assertion by the plaintiff that the information contained therein is sworn to or is submitted "under penalty of perjury" as permitted by 28 U.S.C. § 1746.  Finally, and most importantly, the plaintiff/appellant nowhere states in the referenced document that he in fact submitted his Notice of Appeal to prison officials on or before June 30, 2006.  To the contrary, whereas the plaintiff/appellant provides a number of reasons why his mailing may have been delayed, including that he was transferred on multiple occasions, that the prison where he was housed on the pertinent date had onerous conditions upon mailing, that the prison was "closing down" at that time and so had a "shortage of staff", and that a certain prison official was "under investigation by the F.B.I.", the plaintiff/appellant does not in fact explicitly assert that he gave his Notice of Appeal to prison officials on or before June 30, 2006.  Accordingly, the Court finds that the plaintiff/appellant has failed to respond to the Court's Order and provide "affidavits, documents, or other evidence" to establish that he timely filed his Notice of Appeal.  Therefore, the Court concludes that the plaintiff/appellant's proof of mailing is insufficient to establish that he timely filed his Notice of Appeal by depositing same in the institution's internal mail system on or before June 30, 2006, the last day allowable for perfecting an appeal in this case.

   Moreover, the Court's view is bolstered by a review of the Docket Sheet in this case, which indicates that the final Judgment, forwarded to the plaintiff/appellant at his then record address on May 31, 2006, was returned to the Court as undeliverable because of the transfer of the plaintiff to another institution.  Accordingly, it appears that the

plaintiff did not receive the initial service copy of the Judgment because he had been transferred and had not sent formal notice to the Court of the change in his record address. When the Court thereafter received a Notice of Change of Address from the plaintiff on June 27, 2006, see rec.doc.no. 9, which was three days before the deadline to file his Notice of Appeal, the Court re-sent a copy of the Judgment to him on that date. Allowing for the delays inherent in both the postal mailing system and the institutional mail delivery system, it is highly unlikely that the plaintiff received a copy of the Judgment with sufficient time to prepare his Notice of Appeal and place same in the institutional mailing system on or before June 30, 2006.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Court certify that the plaintiff/appellant's proof of mailing is insufficient to establish that he timely filed his Notice of Appeal by depositing same in the institution's internal mail system on or before June 30, 2006, the last day allowable for perfecting an appeal in this case.

Signed in chambers in Baton Rouge, Louisiana, January 30, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**